Roger D. VINES and Helen
Vines, Plaintiffs,

v.

Gerald SANDS; and Credit Control Services, Inc. doing business as Credit Collection Services, Defendants.

No. 98 C 4131.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 10, 1999.

---

Cathleen M. Combs, Daniel A. Edelman, James O. Latturner, Michelle R. Teggelaar, Edelman & Combs, Chicago, IL, for plaintiffs.

David Matthew Schultz, Robert H. Muriel, Hinshaw & Culbertson, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, Roger and Helen Vines, brought this action against Gerald Sands [1] and Credit Control Services, Inc., doing business as Credit Collection Services ["CCS"], for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* The plaintiffs move to certify a class of people who were sent the form letter attached to the complaint on or after June 7, 1997, in Illinois, in an effort to collect a non-business debt allegedly owed to Allstate Insurance Company. CCS moves to dismiss the complaint. For the following reasons, the plaintiffs' motion for class certification is granted and CCS's motion to dismiss is denied.

### Background

In December 1997 CCS sent the plaintiffs a letter to collect a debt for Allstate Insurance Company. The front of the letter

---

[1]. The plaintiffs have voluntarily dismissed Mr. Sands.

quotes, in capital letters, 15 U.S.C. § 1692c(a)(3). This provision of the FDCPA states that without the consumer's prior consent a collection agency may not communicate with a consumer regarding the collection of a debt at the consumer's place of employment, if the "collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3). Directly after this quotation the letter states: "(STATE LAW MAY PROVIDE ADDITIONAL RIGHTS REGARDING CALLS TO YOUR PLACE OF EMPLOYMENT)." On the back of the letter the following is printed:

### MASSACHUSETTS LAW

You have the right to make a written or oral request that the telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the collection agency.

The complaint alleges that this letter is false, deceptive, or misleading in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).[2]

### *Motion for Class Certification*

■ The plaintiffs move to certify a class of people who were sent the form letter at issue in this lawsuit on or after July 7, 1997 to collect a debt allegedly owed to Allstate Insurance Company. The letter must have been directed to an address in Illinois and must not have been returned by the post office. The plaintiffs seek certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Under Rule 23(a), the plaintiffs must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation. Under Rule 23(b)(3), the plaintiffs must demonstrate that common ques-

tions of law or fact predominate and that a class action is the superior method of adjudicating the controversy.

### *Rule 23(a)*

Rule 23(a) first requires the named plaintiffs to show that "the class is so numerous that joinder of all members is impracticable . . . ." Fed.R.Civ.P. 23(a)(1). The plaintiffs allege that there are at least several hundred class members, and CCS has not disputed this amount. Therefore the numerosity requirement is met. Second, the named plaintiffs must show that there are common questions of law or fact. Fed. R.Civ.P. 23(a)(2). The commonality requirement is easily satisfied in this case, for the claims involve the same form letter sent by CCS to each class member, and the same question of law under the FDCPA. Third, the named plaintiffs must show that their claims are typical of the claims of the class. Fed.R.Civ.P. 23(a)(3). Each class member in the proposed class received the same letter purporting to collect a debt owed to Allstate Insurance Company. The named plaintiffs' claims arise from the same course of conduct as all class members' claims and are based on the same legal theory. Therefore their claims are typical of the class. Finally, the named plaintiffs must show that they are adequate class representatives. Fed. R.Civ.P. 23(a)(4). There is no indication that the plaintiffs have interests antagonistic to the class, and their counsel is qualified. Plaintiffs have accordingly met the requirements of Rule 23(a).

### *Rule 23(b)*

■ Rule 23(b)(3) requires both that common issues of law or fact predominate over individual issues, and that a class action is the superior method of adjudication. The predominate legal issue is whether the letters violate the FDCPA. There is also a common factual link among the proposed class members, for each received the same

---

**2.** Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(5) provides that it is a violation to threaten "to take any action that cannot legally be taken or that is not

intended to be taken," and § 1692e(10) provides that it is a violation to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

form letter from CCS. In addition, a class action is the superior method of adjudication. Many plaintiffs may not know their rights are being violated, and a common action is preferable to individual actions determining CCS's liability for mailing a standardized letter. Therefore the requirements of Rule 23(b)(3) are met.

■ CCS argues that nonetheless class certification should be denied, or that the class should be modified, because class actions are pending that relate to other letters sent by CCS. According to CCS, the letter received by the plaintiffs is the fourth letter in a collection series. In another lawsuit pending in this district, an Illinois class has been certified in connection with a letter that is apparently the fifth letter in the collection series. *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill.1998). A class action is also pending in Indiana in connection with Indiana residents who received the fourth and fifth letters in the collection series. CCS complains that plaintiffs' counsel in the case at bar seeks to certify a class including only Illinois residents who received the fourth letter in connection with a debt owed to Allstate Insurance Company in order to get more fees. The Judicial Panel on Multidistrict Litigation has denied CCS's motion to have the Illinois cases consolidated with the Indiana case. (Pl. Reply Ex. A). The *Sledge* lawsuit pending in this district involves other issues in addition to the claims raised by the plaintiffs in the case at bar, and it involves a different letter. The plaintiffs are entitled to define their class narrowly as including only people in Illinois who have received the form letter that they received. CCS has not contested that the plaintiffs have satisfied the requirements of Rule 23. Therefore the plaintiffs' motion for class certification is granted.

### Motion to Dismiss

■ The plaintiffs argue that the letter tells a half-truth by affirmatively stating that debtors in Massachusetts may prevent collection agencies from contacting them at work, when in fact all debtors have this right under federal law. CCS responds that rights of Massachusetts debtors vary substantively from the rights of other debtors, and that Massachusetts law requires debt collectors to print the notice on collection letters. Under the FDCPA, "[i]f a consumer notifies a debt collector in writing that the consumer ... wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.…" 15 U.S.C. § 1692c(c).[3] Although the process described in the FDCPA varies slightly from the Massachusetts law, the plaintiffs are correct that all consumers may prevent debt collectors from contacting them at work.

■ When evaluating whether a collection letter violates the FDCPA, a court should look through the eyes of an unsophisticated consumer. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir.1994). CCS has not shown that based on the allegations in the complaint, there is no set of facts that could demonstrate an unsophisticated consumer would be misled by the letter. The letter could imply to an unsophisticated consumer that a debt collector may contact a consumer at work unless the collector knows that it is not allowed, that state law may give the consumer greater rights, but that Massachusetts is the only state that gives consumers greater rights. An unsophisticated consumer in Illinois could be left with the impression that he or she does not have the power to cease communications from the collection agency to the consumer's place of employment.

Although Massachusetts requires the disclosure of the rights printed on the back of the letter, CCS has chosen to send the letter to consumers in Illinois. The letter does not explain that Massachusetts requires such a disclosure, which may clarify that other, undisclosed rights exist. *See Jenkins v. Union Corp.*, 999 F.Supp. 1120, 1139 n. 13 (N.D.Ill. 1998) (suggesting that when making disclosures under state law the defendant clarify that it is required to make such disclosures and that the list is an incomplete list of

---

3. Under 15 U.S.C. § 1692c(c), after the consumer so notifies the debt collector, the debt collector must cease communication except to tell the consumer that it is terminating further efforts to collect the debt, or to notify the consumer that it may or will invoke specified, ordinary remedies.

consumer rights under state and federal law). CCS argues that the inclusion of the statement "(STATE LAW MAY PROVIDE ADDITIONAL RIGHTS REGARDING CALLS TO YOUR PLACE OF EMPLOYMENT)" remedies any potential confusion. The placement of this sentence with the quotation from federal law on the front of the letter, when the Massachusetts disclosure is printed on the back of the letter, however, could imply that Illinois residents do not have additional rights. It is therefore premature to dismiss the complaint.

### Conclusion

For the reasons discussed above, the plaintiffs' motion for class certification is granted, and CCS's motion to dismiss is denied.